884 F.2d 579
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Judy HUBER, Plaintiff-Appellant,
v.
Simon LEIS, Sheriff, Defendant-Appellee.
 No. 89-3052.
 United States Court of Appeals, Sixth Circuit.
 Aug. 31, 1989.
 
 Before ENGEL, Chief Judge, and KEITH and BOYCE F. MARTIN, Jr., Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff Judy Huber appeals an order of the United States District Court for the Southern District of Ohio granting summary judgment to the defendant, Sheriff Simon Leis, on her claim under 42 U.S.C. Sec. 1983 that the Sheriff's reprimand of Huber following her complaint to the Federal Bureau of Investigation (FBI) regarding the conduct of two deputy sheriffs violated her first amendment right of free speech.
 
 
 2
 Judy Huber is employed by the Hamilton County, Ohio Sheriff's Department as a deputy sheriff in the position of Correction's Officer. On August 6, 1987, Huber's son was arrested by two deputy sheriffs for criminal trespass and resisting arrest. While the officers chased three other suspects, they left Huber's son handcuffed to a chain link fence. On August 10, Huber complained to the FBI that her son's civil rights were violated when the officer handcuffed him to the fence. Huber never consulted anyone in the Sheriff's office about the incident and her resulting complaint. The FBI subsequently ordered that the file on Huber's son be closed.
 
 
 3
 An investigation by the Sheriff's department determined that Huber had violated an internal rule of the office (Sheriff's Rule 1.20) which states:
 
 
 4
 Any Sheriff's employee having a grievance involving another member that cannot be resolved amicably, shall first consult his supervisor.
 
 
 5
 On September 1, 1987, Sheriff Leis approved and issued a written reprimand to Huber for her violation of Sheriff's Rule 1.20. Huber filed this action on September 22, 1987 claiming that the reprimand violated her right to free speech under the first amendment. The parties subsequently submitted a stipulation of facts and agreed upon a final decision by the court upon cross motions for summary judgment without an oral hearing. The district court determined that although Huber was a public employee, her action in consulting the FBI was constitutionally protected because it involved a matter of public concern. He determined, however, that her interest in asserting her public concern did not outweigh the Sheriff's interest in avoiding the disruption of his office, undermining of his authority and destruction of working relationships and that therefore the Sheriff was entitled to summary judgment. Huber filed this timely appeal.
 
 
 6
 On appeal, Huber alleges that the district court properly determined that her speech touched on a public concern, but held that where there is no evidence that the speech would or did cause disruption or an adverse effect upon the government operation, the first amendment does not permit a reprimand of a public employee for such behavior. She further contends that Sheriff's Rule 1.20 is unconstitutionally vague and overbroad. Sheriff Leis counters that the district court reached the correct result for the incorrect reason. He contends that Huber's complaint to the FBI did not touch a matter of public concern because no first amendment concerns are involved here, since the communication was of a purely private nature, made by a mother on behalf of her son privately to the officer of another law enforcement agency than that to which she was a member. The Sheriff also urges with great persuasiveness that no speech or utterance was penalized by him, the penalty having been imposed solely for the non-performance of a duty imposed upon plaintiff by the sheriff's own regulations to report to her superiors any complaints involving other members of the staff of the sheriff's staff. Further, he contends that Sheriff's Rule 1.20 is not unconstitutional either on its face or as applied here.
 
 
 7
 A public employee's speech is protected when it involves "a matter of public concern." Connick v. Myers, 461 U.S. 138, 146 (1983). Thus, as the Supreme Court observed in Connick, "when an employee speaks not as a citizen upon matters of public concern, but instead as an employee upon matters only of personal interest, absent the most unusual circumstances, a federal court is not the appropriate forum in which to review the wisdom of a personnel decision taken by a public agency allegedly in response to the employee's behavior." Id. at 147. Whether speech is protected is a matter of law, Bose Corp. v. Consumers Union of the United States, Inc., 466 U.S. 485, 499 (1984), but that determination is to be made only after the court has made "an independent examination of the whole record to make sure that 'the judgment does not constitute a forbidden intrusion on the field of free expression.' " Id. (quoting New York Times v. Sullivan, 376 U.S. 254 (1964)). Once it is determined that a public employee's speech involved a matter of public concern, the court must then balance the employee's first amendment interest in expressing her views against the interest of the employer in "promoting the efficiency of the public services it performs through its employees." Pickering v. Board of Education, 391 U.S. 563, 568 (1968).
 
 
 8
 Applying those principles to this case, counsel for Sheriff Leis makes a strong point that the complaint to the FBI here was an isolated one relating wholly to the personal concern of the plaintiff as a mother over the treatment given her son at the hands of another employee of the Sheriff's Department. No generalized policy or practice of constitutional violations is alleged to have been involved in the incident in question, nor did the plaintiff make or apparently desire to make any broader expression than the complaint to the FBI. Nonetheless, assuming but without expressly deciding that the speech was constitutionally protected, we are nonetheless of the opinion that in all events the balancing test between the alleged exercise of protective speech, if such it was, and the interest of the Sheriff in the efficient performance by the employees of his department, decidedly favors the latter here. The intrusion upon the employee's right of expression was very slight, even viewed in the light most favorable to plaintiff. Sheriff's Rule 1.20 only required that she voice her concerns and her complaint about a fellow officer to the Sheriff whose ultimately responsibility it was to ensure the efficient and lawful operation of his staff. There is no showing that plaintiff here was forbidden from going to the FBI, but only that she was forbidden from communicating with the FBI without first having communicated the complaint to her immediate superior. Further, there was no allegation or showing that an observance of Sheriff's Rule 1.20 would have been futile had plaintiff sought relief through it on behalf of her son, nor is there any showing that the regulation itself was unreasonable or used as a means to cover up a general policy of illicit activity being carried on by the Sheriff's Department.
 
 
 9
 Finally, principles of efficient and honest law enforcement support the purposes of such a rule both in enabling the Sheriff to ferret out misconduct on the part of employees for whom he is responsible, and also as affording a means whereby disputes between officers in his department may be promptly and effectively resolved with minimal damage to morale and to the good repute and standing in the community of the law enforcement agency itself.
 
 
 10
 Accordingly, the judgment of the district court is AFFIRMED.